Filed 2/19/26  P. v. Washington CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

EDWARD TOLTON WASHINGTON,

    Defendant and Appellant.

E085205

(Super.Ct.No. FVI1001844)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Reversed.

Tracy R. LeSage, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Stephanie H. Chow and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Edward Tolton Washington appeals from the trial court's order striking his prior-prison-term enhancements (see former Penal Code,[1] § 667.5, subd. (b)), but without conducting a full resentencing hearing under section 1172.75. The People concede defendant is entitled to a full resentencing hearing under section 1172.75, and we agree.

The relevant procedural background is brief. A jury in 2013 convicted defendant of assault with a deadly weapon (Pen. Code., § 245, subd. (a)(1)), false imprisonment by violence (Pen. Code., § 236), criminal threats (Pen. Code., § 422), and vehicle theft (Veh. Code, § 10851, subd. (a)). The jury found true a firearm enhancement on the assault count. (Pen. Code., § 12022.7, subd. (a).) In subsequent proceedings, multiple prior convictions were also proven true, including a 5-year prior serious felony "nickel" enhancement (Pen. Code., § 667, subd. (a)(1)) and seven one-year prison-prior allegations (Pen. Code., § 667.5, subd. (b)). At sentencing, the trial court imposed but stayed execution of the prison priors and imposed a 20-year aggregate prison term on the remaining counts and enhancements.

In September 2022, defendant filed a motion in propria persona requesting resentencing relief under then-newly effective Senate Bill No. 483 (Stats. 2021, ch. 728, § 3, codified in § 1171.1 and later renumbered as § 1172.75 (Stats. 2022, ch. 58, § 12)). The trial court held a hearing on defendant's motion on November 9, 2022. Defendant was not present. A deputy public defender appeared for defendant, did not oppose the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

prosecutor's objection to striking defendant's nickel prior (§ 667, subd. (a)(1)), but sought dismissal of the prison-prior terms, which the court granted.

Defendant did not appeal at that time; however, this court subsequently granted a habeas corpus petition filed by Appellate Defenders, Inc., on defendant's behalf under *In re Benoit* (1973) 10 Cal.3d 72, deeming the present appeal to be timely.

As the People concede, defendant is entitled to a full resentencing hearing under section 1172.75. (*People v. Monroe* (2022) 85 Cal.App.5th 393 402 ["by its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements"].) As the People also concede, absent a valid waiver under section 977, defendant is entitled to be present physically or by remote appearance at resentencing.[2] (*People v. Velasco* (2023) 97 Cal.App.5th 663, 673-674.)

---

[2] While noting that defendant filed his resentencing petition himself in the trial court, the People nevertheless do not oppose resentencing under section 1172.75. Such resentencing ordinarily must be initiated by the California Department of Corrections and Rehabilitation (CDCR), by the CDCR notifying the trial courts—no later than December 31, 2023—of all incarcerated individuals who may be entitled to relief under the statute. (See § 1172.75, subds. (b) & (c); compare also, e.g., *People v. Burgess* (2022) 86 Cal.App.5th 375, 379-382, with *People v. Cota* (2025) 112 Cal.App.5th 1118, 1131 [two cases discussing different circumstances under which a defendant-initiated resentencing petition is improper, but the CDCR's failure to notify trial court by deadline does not preclude full resentencing hearing].) Here, it appears the trial court's early, but incomplete action granting defendant some resentencing relief by striking his § 667.5 subd. (b) prison-prior terms in September 2022 made it unlikely defendant would appear on the CDCR resentencing-eligibility lists submitted to the trial court in 2023. That defendant may have fallen through the cracks in this manner does not, as the People recognize, deprive him of full resentencing eligibility under section 1172.75. (Cf. *Cota*, at p. 1131.) To the extent necessary for procedural regularity, we deem defendant's appeal here a petition for habeas corpus to secure the resentencing hearing the People concede is necessary. (See, e.g., *People v. Boyd* (2024) 103 Cal.App.5th 56, 71-72 [appeal may be treated as a habeas corpus petition " 'in the interest of judicial economy' "].)

## DISPOSITION

The trial court's September 9, 2022, resentencing order is vacated, and the matter is remanded for a full resentencing hearing under section 1172.75.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

McKINSTER _____

Acting P. J.

CODRINGTON _____

J.